UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DESI ALLINGER-NELSON,

Plaintiff,

v.

CITY OF LA CENTER,

Defendant.

CASE NO. 3:26-cv-05912-DGE

ORDER DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 3)

Before the Court is Plaintiff's motion to appoint counsel. (Dkt. No. 3.) On August 13, 2026, Plaintiff filed a complaint in this Court asserting causes of action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. (Dkt. No. 1.) There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, in employment discrimination cases arising under Title VII of the 1964 Civil Rights Act, the Court may appoint counsel "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering whether to appoint counsel in an employment discrimination case, the Court is

required to assess "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

With respect to Plaintiff's financial resources, he had sufficient funds to pay the filing fee and reports earning $42,000 over the past 12 months. (Dkt. No. 3 at 2.) Plaintiff has $4,000 in his checking account and $200 cash on hand. (*Id.*) Plaintiff asserts he has contacted ten law firms seeking representation. (*Id.* at 1.) Plaintiff has provided certain facts relevant to his claim (*see* Dkt. No. 3 at 3), however the Court cannot ascertain the strength of Plaintiff's claims at this early stage. In addition, at this early stage of the litigation it appears Plaintiff has been able to identify the legal theories he seeks to advance and the basic facts he alleges supports his claims. While Plaintiff appears to have limited financial resources, the uncertainty concerning the merits of his claims and Plaintiff's ability to present his claims weigh against appointing counsel at this stage. Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 3) is DENIED.

Dated this 31st day of August, 2026.

David G. Estudillo
United States District Judge